IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | CASE NO.:  2:11-CR-299-AKK-HGD |
| ) | 2:12-CR-052-AKK-JEO |
| ULUGBEK KODIROV, ) | |
| ) | |
| DEFENDANT, ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the Defendant, Ulugbek Kodirov, by and through his undersigned attorney, and hereby submits the following sentencing memorandum, and moves this Honorable Court for a sentence below the applicable guideline range.

Pursuant to and in accordance with 18 U.S.C. §3553(a), United States v. Booker, 543, U.S. 220 (2005), Kimbrough v. United States, 128 S.Ct. 558 (2007), and Gall v. United States, 128 S.Ct. 738 (2007), the Defendant avers that his Sentencing Memorandum sets forth pertinent factors that this Honorable Court should consider before imposing a sentence on Antonio Davidson.

The Sentencing Reform Act requires the Court to select a sentence which is "sufficient, but not greater than necessary," to accomplish the various legitimate purposes of sentencing, 18 U.S.C. § 3553 (a)(2).

## ULUGBEK KODIROV

Ulugbek Kodirov is a 22 year old male from the Republic of Uzbekistan. He has a very loving and concerned family that also reside in Uzbekistan. Ulugbek was raised in a culture that trust was very important, and did not view people as being dishonest. If an individual told

Ulugbek something, then it was true.

Ulugbek completed his education in Uzbekistan. He attended Lyceum in the Uzbekistan National University, which is equivalent to high school in the United States. After completing Lyceum, he attended Tashkent Pediatric Medical Institute for three years and obtained a degree. This degree is the equivalent of a Registered Nurse degree in the United States. Ulugbek then came to the United States to attend Medical School, and fulfill his dreams of being a medical doctor.

Ulugbek arrived in the United States looking forward to a successful future. He was not admitted to medical school at Columbia University because he could not speak and read/write the English language to the degree that was needed to be admitted. His dreams were shattered, but Ulugbek was determined to better himself, so he started attended classes to learn the English language at ASA - The College for Excellence in Brooklyn, New York. While he was attending class, he was working so he could pay for a place to reside and afford to eat.

The job market was not good for an individual that did not have much experience and was working to learn the English language. Ulugbek was taking very low paying jobs while he worked to better himself. He ended up moving around while chasing a better opportunity, which ended up bringing him to the Birmingham, Alabama area. Ulugbek worked seven (7) days a week at a kiosk in the Galleria Mall in Hoover. He sold different items while employed at the kiosk, but always worked from opening to closing, seven days a week.

Since Ulugbek did not have any friends or family around to communicate with, he saved up and purchased a laptop computer. He found that he could pass time quickly at work and home if he played on the internet. Ulugbek was able to communicate with family, along with meeting others on the internet. He started communicating with some of the individuals he met online

very frequently. Ulugbek came to believe they were his friends and believed what they told him, just as he had been raised to do. After conversing with these Muslim men, Ulugbek began to view jihad web sites. After viewing some youtube videos that were sent to him, he came to the belief that Americans were killing his people in cold blood. Ulugbek then developed an anti-American attitude along with losing trust in Americans. After his arrest, Ulugbek learned that the Americans were not killing his people and the videos he saw on the internet were lies.

After Ulugbek was arrested, he did as he has always done in life, he was honest and told the truth. From the very beginning he has told the truth and been very cooperative, because that is how his parents raised him.

Ulugbek has taken full responsibility for his actions and his conduct, and he pled guilty to the charges against him. He is truly remorseful for his actions, and has tried to use this awful situation as the catalyst to get his life straight. He has taken this time to reflect on his past, and how he got to this point in life. Ulugbek has taken responsibility for his actions, and has accepted the consequences associated with these poor choices.

## 18 U.S.C. §3553(a) Factors:

Pursuant to 18 U.S.C. §3553(a), the Court "*shall* impose a sentence that is sufficient, but not greater than necessary to comply with" the goals of sentencing that are set out in 18 U.S.C. §3553(a)(2).

In determining an appropriate sentence for Ulugbek, the Court shall also consider such things as the "nature and circumstances" of the offense, Ulugbek's "history and characteristics," as well as other factors that may be presented for the Court's consideration.

## Considering All Relevant Factors under §3553(a), and §3661 in determining a sentence that is no greater than necessary to achieve the purposes of sentencing

In <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), the United States Supreme Court held that the Sixth Amendment holding in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) also applied to the Federal Sentencing Guidelines. Thus, the mandatory sentencing guidelines created by the Sentencing Reform Act of 1984 were unconstitutional. After <u>Booker</u>, the guidelines were no long mandatory, but rather were *advisory*, and the courts were to consider the guidelines as one of a number of sentencing factors as set out in 18 U.S.C. §3553(a).

The basic premise of §3553(a) is for the sentencing court to impose a sentence of that individual defendant that is sufficient, but not greater than necessary to comply with the purposes set forth in §3553(a)(2), which is to: (a) reflect the seriousness of the offense, to promote the respect for the law, and to provide just punishment for the offender; (b) deterrence; (c) protect the public from further crimes; and (d) "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

In determining what minimally sufficient sentence might be imposed, §3553(a) direct that the Court **shall** consider factors that include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the kinds of sentences available; (3) the kinds of sentence and sentencing range established in the guidelines and policy statements of the Sentencing Commission, including the (now non–mandatory) guideline range; (4) the need to avoid unwarranted sentence disparities; and (5) the need to provide restitution to any victims.

Neither the statute nor Booker suggest that any one of the factors should be given greater weight than any other factor.  However, it is important to remember that all factors are subject to the mandate of §3553(a) to impose a sentence that is not greater than necessary to comply with the purposes of sentencing.  Pursuant 18 U.S.C. §3661 there should be no limitation placed on the information concerning the background, character, and conduct of a person being sentenced by the court when considering the imposition of an appropriate sentence.   In <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), the United States Supreme Court held that the Sixth Amendment holding in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) also applied to the Federal Sentencing Guidelines.  Thus, the mandatory sentencing guidelines created by the Sentencing Reform Act of 1984 were unconstitutional.  After <u>Booker</u>, the guidelines were no long mandatory, but rather were *advisory*, and the courts were to consider the guidelines as one of a number of sentencing factors as set out in 18 U.S.C. §3553(a).

## Impact of recent cases on sentencing:

In <u>Hunt v. United States</u>, 459 F.3d 1180 (11th Cir. 2006), the Court rejected any "across-the-board prescription regarding the appropriate deference to give the guidelines."  <u>Hunt</u> at 1184.  A "district court may determine, on a case-by-case basis, the weight to give the Guidelines, so long as that determination is made with reference to the remaining section 3553(a) factors that the court must also consider in calculating the defendant's sentence." <u>Id</u> at 1185.  Defendant Ulugbek Kodirov would show unto this Honorable Court that he is the very person for which the 3553 factors were developed.

In <u>Gall v. United States</u>, 128 S.Ct. 738 (2007), the Court squarely rejected any rule requiring "extraordinary" circumstances to justify a sentence outside the guideline range, and also rejected any rule requiring any mathematical formula.

In <u>Rita v. United States</u>, 127 S.Ct. 2456 (2007) and <u>Gall v. United States</u>, 128 S.Ct. 738 (2007), the Court expanded their decision regarding the use of the sentencing guidelines, holding that though as a matter of administration and to secure nationwide consistency, the guidelines should be the starting point and the initial benchmark, the guidelines are not, however, the only factor to be considered. Thus, the district courts should consider all of the §3553(a) factors in determining an appropriate sentence; <u>Rita v. United States</u>, 127 S.Ct. 2456, 2464-2465 (2007); however, the court <u>may not</u> presume that the guideline range is reasonable, and the judge must make an individualized assessment based on the facts presented and adequately explain the sentence being imposed. <u>Id</u> at 2469.

In <u>Kimbrough v. United States</u>, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) the Supreme Court held that:

> In sum, while the statute still requires a court to give respectful consideration to the Guidelines, see *Gall v. United States, ante*, at 7, 11, *Booker* "permits the court to tailor the sentence in light of other statutory concerns as well," 543 U.S., at 245-246.

Most recently the United States Supreme Court in <u>Nelson v. United States</u>, 555 U.S. 350 (2009), further clarified the Court's position as to the role of the Guidelines in the district court's determination of an appropriate sentence.

> Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable. In *Rita* we said as much, in fairly explicit terms: "We repeat that the presumption before us is an *appellate* court presumption. . . . [T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." 551 U.S., at 351. And in *Gall v. United States*, 552 U.S. ___ (2007), we reiterated that district judges, in considering how the various statutory sentencing factors apply to an individual defendant, "may not presume that the Guidelines range is reasonable." *Id*. At ___ (slip op., at 11-12) ...... The Guidelines are not only *not mandatory* on sentencing courts, they are also not to be *presumed* reasonable.

The Eleventh Circuit in <u>United States v. Winingear</u>, 422 F.3d 1211, 1240 (11th Cir. 2005) noted that §3553(a) instructs district courts imposing a sentence to consider "the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, and provide the defendant with needed medical care." <u>Id</u>. at 1246. The Court further held that "the sentence must be reasonable in the context of the factors listed in 18 U.S.C. §3553(a)." <u>Id</u>.

## CONCLUSION

Ulugbek Kodirov has pled guilty, and is clearly culpable for his conduct charged in the indictment and information. Ulugbek has accepted responsibility for his actions and is prepared to accept whatever sentence this Honorable Court decides is appropriate.

In <u>Koon v. United States</u>, 518 U.S. 81, 113 (1996), the Court recognized the tradition in federal sentencing "for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." As is set out above, regardless of the guidelines calculations, Ulugbek Kodirov asserts that there exist factors that this Court should consider in determining a sentence that is sufficient, but not greater than necessary to achieve the goals of sentencing under §3553(a).

Ulugbek Kodirov is confident that this Honorable Court will consider all of the information provided herein, and to give him a sentence that is sufficient, but not greater than necessary.

Respectfully submitted,

**/s/ R. LANCE BELL**
**ASB-1948-t80b**
ATTORNEY FOR THE DEFENDANT
1916 First Avenue North
Pell City, AL 35125
(205) 338-7273
(205) 338-6094 - fax
**Lance@TFRBlaw.com**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 11th day of July, 2012, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Michael Whisonant
AUSA Ryan Buchanan

                                                    /s/ R. LANCE BELL
                                                    ATTORNEY FOR THE DEFENDANT